UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVER ELISAUL ARCHAGA MONTES (A# 241-066-289),<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, et al.,<br>Respondents. | No. 1:26-cv-06047 DC SCR<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee proceeding through counsel with a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

Petitioner is a citizen and native and citizen of Honduras who entered the United States without inspection on an unknown date. He is a certified electrician and has no criminal history. ECF No. 1 at 5, ¶¶ 14-17. Immigration and Customs Enforcement ("ICE") detained Petitioner on May 30, 2026, after a vehicle stop near Davie, Florida. ECF No. 1-1 at 3 (Form I-213). After his detention, Petitioner, through counsel, requested a custody redetermination hearing pursuant to 8 C.F.R. § 1236. On June 22, 2026, an immigration judge ("IJ"), over Petitioner's counsel's objections, declined to go forward due to Petitioner's transfer out of Florida. ECF No. 1-2. On July 27, 2026, Petitioner, again through counsel, withdrew his second bond hearing request after an IJ informed them that he lacked jurisdiction. ECF No. 10-3. Petitioner is detained in the California City Correctional Facility within this judicial district. ECF No. 1 at 2, ¶ 3.

In his § 2241 application, Petitioner challenges his detention as a violation of the Fourth Amendment (Count One, Warrantless Arrest) and Fifth Amendment (Count Two, Denial of Meaningful Bond Hearing). ECF No. 1 at 6-9. Respondent concedes that "Rodriguez Vazquez v. Bostock, 2026 WL 2196424 (9th Cir. July 30, 2026), holds that § 1226(a) governs Petitioner's detention" while still maintaining their argument that Petitioner was properly detained pursuant to 8 U.S.C. § 1225(b)(2)(A). ECF No. 10 at 1. Respondents did not address Petitioner's constitutional claims.

In light of Rodriguez Vasquez, Petitioner's detention is governed by 8 U.S.C. § 1226(a), which provides "substantial procedural protections," Rodriguez Diaz v. Garland, 53 F.4th 1189, 1193 (9th Cir. 2022), including the right to request an initial custody re-determination before an IJ under 8 C.F.R. § 1236.1(d). However, despite his multiple requests for custody redetermination hearings, Petitioner was denied those statutory protections for a period of months in this case, which constitutes a separate procedural due process violation. See Feng v. Lyons, No. 1:26-cv-0235 DJC SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) (finding that the "provision of a bond hearing after months of detention without the opportunity to seek release on bond cannot be said to satisfy due process where that bond hearing is a matter of statutory right"). In tailoring the remedy for this due process violation, the Court is mindful that federal courts have "a fair amount of flexibility" in fashioning specific habeas relief. Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005). Therefore, the undersigned finds that Petitioner is entitled to habeas relief in the form of immediate release from immigration detention.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be granted on Count Two (Fifth Amendment – Denial of Meaningful Bond Hearing).[1]

2. Respondent be ordered to immediately release Petitioner EVER ELISAUL ARCHAGA MONTES (A# 241-066-289) from their custody and to return all of Petitioner's

[1] In the interests of judicial economy, any remaining claims in the § 2241 petition are not addressed herein.

documents and possessions at the time of release.

3. Respondent be directed to file a notice certifying compliance with the above provisions within three (3) days from the date of any final order requiring release.

4. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days of notice to Petitioner and provide Petitioner with a bond hearing before an immigration judge at which the government must prove by clear and convincing evidence that Petitioner is a flight risk or danger to the community such that his re-detention is warranted.

5. The final order entered in this case not address the circumstances in which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

6. The Clerk of Court be directed to:

a. Serve a copy of any release order on the California City Detention Facility; and

b. Enter judgment in favor of Petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 20, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE